IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STATE FARM INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>MARIAN HAAS, SANDY BOURRT, VICKI MANDURANO, BRENDA VOSS, and JOANIE OLIVER,<br><br>    Defendants. | Case No. 22-cv-02704-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

In 2018, Illinois passed Public Act 100-871, which amended section 503 of the Marriage and Dissolution of Marriage Act (the "Act") (750 ILCS 5/503). The amended section became effective January 1, 2019, and provides the following:

> (b-5)(1) As to any existing policy of life insurance insuring the life of either spouse, or any interest in such policy, that constitutes marital property, whether whole life, term life, group term life, universal life, or other form of life insurance policy, and whether or not the value is ascertainable, the court shall allocate ownership, death benefits or the right to assign death benefits, and the obligation for premium payments, if any, equitably between the parties at the time of the judgment for dissolution or declaration of invalidity of marriage.
>
> (2) If a judgment of dissolution of marriage is entered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of entry, the designation of the insured's former spouse as beneficiary is not effective unless:
>
>      (A) the judgment designates the insured's former spouse as the beneficiary;

>    (B) the insured redesignates the former spouse as the beneficiary after entry of the judgment; or
>
>    (C) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (3) If a designation is not effective under paragraph (2), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

*Id.*

State Farm filed this interpleader action "because it cannot determine whether the [Act] applies to revoke the beneficiary designation of Marian [Haas], who was the Insured's wife at the time of the last beneficiary designation, but who was the Insured's ex-wife at the time of the Insured's death." (Doc. 1, p. 4).[1] According to State Farm, "Illinois [c]ourts have not decided whether the Act, which has an effective date of January 1, 2019, would apply to revoke an ex-wife's designation at the time of death or at the time of divorce." (*Id.*).

However, on November 16, 2022, the Illinois Appellate Court for the Third District

---

[1] Notably, the Act also provides the following:

> An insurer that pays the proceeds of a life insurance policy to the beneficiary under a designation that is not effective under paragraph (2) is liable for payment of the proceeds to the person or estate provided by paragraph (3) only if:
>
> (A) before payment of the proceeds to the designated beneficiary, the insurer receives written notice at the home office of the insurer from an interested person that the designation is not effective under paragraph (2); *and*
>
> (B) *the insurer has not filed an interpleader*.

750 Ill. Comp. Stat. 5/503 (emphasis added).

in *Shaw v. U.S. Fin. Life Ins. Co.*, 2022 IL App (1st) 211533, held that "where the date of the dissolution judgment preceded the effective date of the [Act], the [Act] does not apply." *Id.* at ¶ 49. For the reasons set forth below, State Farm is **ORDERED** to address *Shaw v. U.S. Fin. Life Ins. Co.*, 2022 IL App (1st) 211533, and its impact on this action.[2]

## BACKGROUND

State Farm issued a life insurance policy to Herbert Wayne Haas ("Mr. Haas"). "The Policy indicates the following as to the beneficiary of the Policy: The Insured's wife, if living, otherwise to the executors or administrators of the Insured." (Doc. 1, p. 2). "The January 8, 1964 Policy application indicated Marian [Haas] as the Insured's wife and Vicki [Mandurano] and Brenda [Voss] as the Insured's daughters." (*Id.*).

In 1985, a Judgment for the Dissolution of Marriage between Mr. Haas and Marian Haas was filed, but the beneficiary designations for the policy were never updated. (*Id.* at p. 3). Then on December 25, 2020, Mr. Haas passed away. (*Id.*). "As a result of the death of the Insured, the Policy's total proceeds of $12,077.00 plus interest at 2.50% (the 'Death Benefit') became due and payable to the beneficiary or beneficiaries entitled to receive it (i.e. 'The Insured's wife, if living, otherwise to the executors or administrators of the Insured'), and State Farm concedes liability to that effect." (*Id.*).

---

[2] The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1335 because the amount in controversy exceeds $500.00 and there are "[t]wo or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation . . . ." 28 U.S.C. § 1335. Specifically, "Defendants are citizens of Illinois and Iowa." (Doc. 1, p. 2). Finally, upon transfer, "[t]he $12,595.64 that Plaintiff paid into [the Central District Court's] Registry Account, plus interest accrued, [ ] [ ] [was] disbursed to the Clerk of the United States District Court of the Southern District of Illinois . . . ." (Doc. 21, p. 3).

Marian Haas asserted a claim to the Death Benefit. (*Id*.). Additionally, Brenda Voss, one of Mr. Haas's daughters, asserted a claim to the Death Benefit. (*Id*.). Thus, "there is a dispute between two possible beneficiaries to the life insurance policy." (*Id*.).

On October 3, 2022, Magistrate Judge Jonathan Hawley noted that Marian Haas and Mr. Haas's four daughters: Sandy Bourrt, Vicki Mandurano, Brenda Voss, and Joanie Oliver waived service of summon in this case, and their answers or other responsive pleadings were due by August 16, 2022. Magistrate Judge Hawley found that none of the Defendants filed an answer. Thus, Magistrate Judge Hawley *sua sponte* extended the deadline for Defendants to answer to October 17, 2022, and warned that failure to answer will result in default judgment being entered against them.

Brenda Voss filed a letter with the court requesting her portion of the $12,077.00, plus interest. (Doc. 20). Marian Haas sent a letter to State Farm acknowledging that "[she] would welcome the remaining funds to be paid to [herself] [,] Marian Haas." (Doc. 18, p. 1). Joanie Oliver sent a letter to State Farm stating that "[her] decision is to give all remaining funds to be paid in full to Marian Haas." (Doc. 19, p. 1). Vicki Mandurano sent a letter to State Farm explaining that "[her] decision/position is to give any/all remaining funds to be paid in full to Marian Haas." (Doc. 17, p. 1). Sandy Bourrt never responded to Magistrate Judge Hawley's order.

On November 2, 2022, Magistrate Judge Hawley construed Defendants' letters as their answers. Then on November 18, 2022, the case was transferred to the Southern District of Illinois. In the order, United States District Judge Michael Mihm noted the following:

> Plaintiff alleges "[v]enue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district, given the [Insured], Herbert Wayne Haas…, resided in and passed away in White County, Illinois. (D. 1, p. 2). White County, Illinois, is in the Southern District of Illinois. Furthermore, the proper venue for an action for civil interpleader under § 1335 is the judicial district in which one or more of the claimants reside. See 28 U.S.C. § 1397. None of the claimants reside in the Central District of Illinois. Two of the named claimants live in Carmi, Illinois, including Marian Haas who is the primary, potential adverse claimant to the other Defendants. Carmi, Illinois, is in White County in the Southern District of Illinois. Finally, no executor(s) or administrator(s) of the Insured has been identified, but, as the Complaint alleges, the Insured resided and passed away in Carmi, Illinois, which further supports this case being transferred to that district.

(Doc. 21).

## ANALYSIS

As noted above, State Farm alleges it "cannot tell who the proper beneficiary is because it cannot determine whether the [Act] applies to revoke the beneficiary designation of Marian [Haas], who was the Insured's wife at the time of the last beneficiary designation, but who was the Insured's ex-wife at the time of the Insured's death." (Doc. 1, p. 4). State Farm argues that "Illinois [c]ourts have not decided whether the Act, which has an effective date of January 1, 2019, would apply to revoke an ex-wife's designation at the time of death or at the time of divorce." (*Id.*).[3]

---

[3] State Farm recognizes that "[s]hould the Act only apply at the time of divorce, then Marian would be the primary beneficiary entitled to the life insurance proceeds because the ex-wife's beneficiary designation would not have been automatically revoked since the divorce occurred in 1985 and prior to the effective date of the Illinois Divorce Revocation Act on January 1, 2019." (*Id.*). On the other hand, State Farm recognizes that "[s]hould the Act be applied to automatically revoke an ex-wife's beneficiary designation at the time of death, then the executors or administrators of the Insured would be the beneficiaries entitled to the life insurance proceeds because Marian's beneficiary designation would have been revoked at the time of the Insured's

Now, however, at least one Illinois court has held that the "operative act" which triggers the application of the Act is the entry of the dissolution judgment. In other words, when the date of the dissolution judgment precedes the effective date of the Act, the Act does not apply.

In *Shaw v. U.S. Fin. Life Ins. Co.*, 2022 IL App (1st) 211533, Tyrone Shaw ("Tyrone") and Beverly Shaw ("Beverly") married in 1991. In 2004, U.S. Financial Life Insurance Company ("U.S. Financial") issued a life insurance policy to Tyrone. Beverly was listed as the beneficiary of Tyrone's life insurance policy, with his three children, named as contingent beneficiaries. "In March 2016, a dissolution judgment was entered in the circuit court of Cook County, dissolving the marriage of Beverly and Tyrone." *Id.* at ¶ 5. "The judgment, which was in the form of a preprinted form with handwritten additions, was silent regarding the policy." *Id.* In February 2020, Tyrone died, and Beverly made a claim under the life insurance policy. "While U.S. Financial acknowledged that the policy was valid and the proceeds were payable to an appropriate beneficiary, U.S. Financial refused to pay the proceeds to Beverly, citing the [Act]." *Id.* at ¶ 7.

"In July 2020, Beverly filed a complaint for declaratory judgment in the circuit court of Cook County, seeking a declaration that she was entitled to the proceeds from the life insurance policy as the statute was not in effect at the time the dissolution judgment was entered." *Id.* at ¶ 8. The circuit court granted summary judgment in Beverly's favor, and one of Tyrone's sons appealed.

---

death on December 25, 2020, which occurred after the effective date of the Illinois Divorce Revocation Act on January 1, 2019." (*Id.*).

"[T]he sole issue on appeal [was] whether the statute concerning the effect of a dissolution judgment on life insurance policies operates to revoke Beverly's status as the beneficiary of Tyrone's life insurance policy." *Id*. at ¶ 30. To determine whether the statute applied, the Court had to "first consider whether the 'operative act' triggering the application of the statute is the entry of the dissolution judgment or Tyrone's death." *Id*. at ¶ 35. Beverly argued that "the operative act is the entry of the dissolution judgment, so the statute does not apply since it became effective only after that date." *Id*. Tyrone's son argued that "the operative act is Tyrone's death, so the statute applies since the statute became effective prior to that date." *Id*.

After reviewing the language of the statute, Illinois cases, and foreign cases, the Illinois Appellate Court for the Third District found the following:

> [T]hat the operative act triggering application of the statute is the date of the dissolution judgment, not the date of Tyrone's death. As noted, there are several indications within the language of the statute itself—such as its use of the present tense and its location within section 503 of the Act, which governs the division of property in the context of dissolution proceedings—that suggest that it was intended to apply in the context of dissolution proceedings, not at some later time. We additionally find that, while the argument that a beneficiary's interest vests only upon death has some surface appeal, this argument is one that our supreme court has repeatedly rejected in the context of wills and the same reasoning would apply here. Finally, we find it notable that our legislature chose not to use the same language as contained in the Uniform Probate Code, including the language about the effect of a "rule of construction or presumption," which several other states have found vital in applying their statutes in similar contexts. *See, e.g., Stillman*, 343 F.3d at 1317-18; *Buchholz*, 2007 S.D. 101, ¶¶ 11-12, 740 N.W.2d 107.

*Id*. at ¶ 49. The Court concluded that "the most reasonable reading of the statute is that the operative act which triggers its application is the entry of the dissolution judgment."

*Id.* As a result, "where the date of the dissolution judgment preceded the effective date of the statute, the statute does not apply." *Id.*

Like in *Shaw*, where the dissolution judgment was entered before the effective date of the Act, the Judgment for the Dissolution of Marriage between Mr. Haas and Marian Haas was filed in 1985—before the effective date of the Act. Accordingly, it appears the Act is inapplicable, and Marian Haas is entitled to the life insurance proceeds.

## CONCLUSION

Based on the above, State Farm is **ORDERED** to address *Shaw v. U.S. Fin. Life Ins. Co.*, 2022 IL App (1st) 211533, and its impact on this action. State Farm's response is due on or before Monday, **January 30, 2023**.

**IT IS SO ORDERED.**

DATED:  December 29, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**